tion arises out of the unusual war status. Perhaps it could be said it also involves ethics in time of war.

Of course a consideration is necessary to make a valid contract or to modify an existing valid contract. Unless there is such consideration, the modification is not effective.

What then, is a valid consideration in war times? Specifically, is patriotic action a sufficient consideration? May A, who has a contract with B, change the contract with no consideration therefor other than a patriotic desire to win the war? To be still more specific, may not plaintiff who had a contract calling for a commission on sales of articles essential to carrying on the war, agree with his employer to accept a lesser commission or forego the commission feature altogether, because he wants to see his country win the war or desires to serve his country as a Dollar-A-Year employee?.

I think this is a sufficient consideration. Moreover, I think elimination of the commission feature was the only course which plaintiff could pursue and honorably discharge a duty as a Government Dollar-A-Year man. He simply had to get away from the commission feature of his contract.

Under the charge as given the jury could not have found a valid modification of the original agreement because of the charge on the lack of a valid consideration.

Ernest Kurzrok, of Passaic, N. J., for himself.

No argument for appellees (Bilder, Bilder & Kaufman, of Newark, N. J., and Isadore Glauberman, of Jersey City, N. J., on the brief).

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

PER CURIAM.

Following our decision in this case, reported 3 Cir., 150 F.2d 474, and the dispatch of our mandate, the court below permitted the appellant, Kurzrok, "* * * to intervene in this action for the sole purpose of protecting his rights as a lot owner of West Ridgelawn Cemetery and the rights of the members of his class in this cause * * '*" and giving him a stated time in which to file pleadings. Kurzrok, who appears pro se, has appealed from this order. Apparently misunderstanding the nature of the intervention allowed him, he asserts that the court below improperly limited it in the light of our opinion; that as a lot owner of West Ridgelawn Cemetery, under the intervention as allowed, he may assert no claim to any fund or cause of action based upon the rights of the lot holders of both West Ridgelawn . Cemetery and East Ridgelawn Cemetery or of either cemetery. His brief also indicates that he

**MACK et al. (FRANK, Intervener) v. PASSAIC NAT. BANK & TRUST CO. et al.**

**No. 9075.**

Circuit Court of Appeals, Third Circuit.

Argued April 1, 1946.

Decided April 12, 1946.

construed our opinion to be an adjudication of all the rights, liens and priorities of all the parties when in fact we did nothing more than make certain assumptions in order to test Kurzrok's right to intervention.

We state that the scope of the intervention allowed Kurzrok by the court below was in accordance with our mandate and that proceeding under the intervention by way of appropriate pleading he may assert any claim which he may possess as a lot holder of West Ridgelawn Cemetery. He must do this promptly, however, and in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The order of the court below is affirmed.

## WILSON v. UNITED STATES.
### No. 10144.

Circuit Court of Appeals, Sixth Circuit.

April 22, 1946.

Herbert Wilson, in pro. per.

Wm. E. Badgett, of Washington, D. C. (James B. Frazier, Jr., of Knoxville, Tenn., on the brief), for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

The controversy out of which this appeal arises was before this court in Wilson v. Bell, Warden, 6 Cir., 137 F.2d 716. In that case, while we upheld the judgment of the District Court denying a writ of habeas corpus, we held that the original judgment of seven and one-half years as pronounced from the bench in the robbery case could not be increased by nunc pro tunc order to ten years. We therefore concluded that as to the excessive two and one-half years the sentence is invalid.

Appellant, subsequent to our holding in Wilson v. Bell, Warden, filed a motion to vacate judgment and sentence, in which he reiterated many of the contentions made in the habeas corpus case. We do not discuss at length the contentions that the robbery indictment (case No. 13,-166) was invalid; that appellant was denied constitutional rights at the trial, and was innocent of the charges preferred against him. The appellant was represented by counsel, and pleaded guilty in open court to the charges in question. The indictment fairly informed the appellant of the charge against him and was sufficiently specific, within the holdings in Cochran and Sayre v.